IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY MARSHALL #183459
        Plaintiff        :

        v.        :        CIVIL ACTION NO. JFM-08-3269

DR. ISAIAS TESSEMA, MD., et al.        :
        Defendants

## MEMORANDUM

Dispositive motions, which shall be construed as motions for summary judgment, have been filed by defendants Wexford Health Source, Inc. ("Wexford") and Dr. Michael Summerfield ("Summerfield"). ECF Nos. 119 and 120. The motions are opposed.[1] ECF Nos. 123[2] and 124.[3]

Plaintiff has filed several non-dispositive pleadings. He requests reconsideration of this court's earlier order denying injunctive relief to ensure he is provided a single cell or transfer out of Western Correctional Institution ("WCI") as his vision problems make him a target for attack by other prisoners. ECF No. 116; see also ECF No. 118. Medical care providers cannot provide this relief; Division of Correction personnel are responsible for plaintiff's classification and cell assignment. Plaintiff's entitlement to such relief, at issue in *Marshall v. Weber, et al.*, Civil Action No. JFM-08-3267 (D. Md.), was examined and denied in a Memorandum and Order

---

[1] Plaintiff also requests that disposition of the case be stayed until he receives the contact lenses that are the subject of this litigation. ECF No. 115. Although the request shall be denied, the court will require joint status reports from Wexford and Summerfield until the lenses are fitted.

[2] Within the opposition motion is plaintiff's request that the undersigned be recused from this case. While the recusal requests are technically deficient under 28 U.S.C. § 144, plaintiff in any event has failed to sufficiently allege a case of bias or partiality that would make fair judgment impossible here. *See Shaw v. Martin*, 733 F.2d 304, 308-09 (4th Cir. 1984); *see generally Liteky v. United States*, 510 U.S. 540 (1994). The fact that the undersigned has ruled against plaintiff in other actions provides no basis for recusal and, accordingly, the requests for same shall be denied.

[3] Although etitled "Emergency Motion for Injunction or Restraining Order Relief(s)," ECF No. 124 appears to be more in the nature of an opposition motion, and shall be construed as such here.

dated January 26, 2009.[4]  It is not properly before this court at this time.[5]

Plaintiff also seeks appointment of a magistrate judge to "investigate the fraudulent and perjury statements, and vacate the former dismissal of JFM-08-949, and grant a jury trial with appointment of legal counsel."  ECF No. 122.  That action, *Marshall v. Shearin, et al.,* Civil Action No. JFM-949 (D. Md.), was closed by Memorandum and Order dated June 12, 2008. ECF Nos. 7 and 8.  No appeal was taken.  The matter will not be reopened based on the instant motion.

In considering the pending dispositive motions, the court has reviewed the medical records and affidavits provided,[6] and simply finds no Eighth Amendment violation with regard to the treatment of plaintiff's keratoconus.  The missed appointments at Wilmer Eye Institute were almost entirely the result of plaintiff's actions, including several attempted suicides that required his hospitalization.  ECF No. 119, Exhibit 2.

The record does not reflect whether the October, 2010 appointment has taken place or, if not, what led to its cancellation and whether it has been rescheduled.  Clearly, plaintiff requires specialized fitting for his contact lenses – and, plaintiff's claim of surgery notwithstanding, nothing more.  Until this occurs, the undersigned will require counsel for Wexford and Summerfield to provide a monthly joint status report.  A separate Order follows.

_____/s/_____
J. Frederick Motz
United States District Judge

---

[4] Plaintiff's appeal of the decision was dismissed.  *See id*., ECF Nos. 11 and 12.

[5] Plaintiff should direct his latest concerns for safety to prison administrators under the Administrative Remedy Procedure (ARP) process, and may initiate civil rights action in this forum if unsuccessful after full administrative review.  Discovery is not appropriate here.  revreview.  Discovery on the issue is not appropriate here.review.

[6] The facts and  legal standards set forth in this court's Memoradum of November 5, 2009 (ECF No. 79) will not be reiterated here.